Sedgwick, J.
The petitioner, immediately on the death of her father, became entitled, by the descent cast on her, to the proper tian which she demands in the land assigned to the widow for dower. After the assignment of the dower, she was seised of the reversion after the termination of the estate in dower.
Was the decree, with the proceedings under it, sufficient to divest that estate, and vest it in the mother of the respondent ? [ * 83 j * All the authority which a judge of probate has upon this subject is given to him by statute; and beyond the limits of that authority, he cannot deprive an heir of his inheritance. If, within the sphere of his authority, he mistakes in the application of it, the decree is voidable, and may be reversed by the appellate jurisdiction; but is in force until its reversal. But if a decree be made upon a subject without the jurisdiction of the judge, it needs no reversal, but is merely void. This principle and distinction were declared in the case of Wales vs. Willard, mentioned at the bar. The question then is, whether any statute has authorized a judge of probate, in the original distribution of the estate of an intestate, when there are two or more heirs, to settle upon one of them the whole of the reversion in the widow’s dower.
By the provincial act of 4 Will, & Mar., c. 2, for the settlement and distribution of intestate estates, it is provided, so far as respects real estate, that division shall be made of it by five sufficient freeholders, (which, by the 33 Geo. 2, c. 2, may be done by five or three freeholders,) who, after assigning to the widow her dower, and after the payment of debts, were to distribute the residue, where there were children, (and where there had been no advancement in the lifetime of the intestate to those children,) among children, and those who legally represent them, in equal shares, except the oldest surviving son, who was to have two shares, where there was no issue ot the first-born, or of any other elder son.
Then comes a proviso, that where the estate cannot be divided among all the children, without great prejudice to, or spoiling the whole ; being so represented and made to appear to the judge, he *71 may order the whole to the eldest son, if he accept it, or to any other of the sons successively, upon his refusal; he paying to the other children of the deceased their equal shares thereof, by a just appraisement, to be made by three sufficient freeholders upon oath, or giving good security, in some convenient time, as the judge * shall limit, making reasonable allowance in the [ * 84 ] interim, not exceeding six per cent, per annum.
The act then proceeds to determine how an estate shall be divided among collaterals, where there are no children; and it then provides for a distribution of the widow’s dower, in these words: “ the widow’s thirds or dower in the real estate, after the expiration of her term, to be alike divided as aforesaid.”
By the provincial act of 6 Geo. 2, c. 3, it is provided that, where the estate will accommodate more of the children than the eldest son, the judge is authorized to settle it on so many of the children, preference being always given to the sons, as it will accommodate, in the manner prescribed by the act of 4 Will. & Mar.
The provincial act of 33 Geo. 2, c. 2, after having authorized judges of probate to make partition at their discretion, by three or five freeholders, goes on to state, by way of preamble, that it sometimes happens that the estate to be divided consists of such distinct tenements, and under such peculiar circumstances, that an exact partition thereof cannot be made to each of the parties according to his share in the whole estate, without making such fractiona. divisions of a messuage, tract of land, or other tenement, as would be extremely prejudicial to the interested therein; it then proceeds to enact that in such case the same may be settled on one of the parties, not being a minor, he paying for owelty of partition, or to make a just and equitable partition, such sum or sums, to such party or parties, as by means thereof received less than their share of the real estate to be divided, and that the part so assigned should stand charged for the payment thereof.
These are all the provisions, which were in force at the time of the decree of the judge of probate ; and which have an immediate or remote relation to the subject under consideration. Was, then, the decree of the judge of probate, whereby the reversion of the widow’s dower was assigned to Mrs. Parker, made upon a subject within his jurisdiction ? * had he at that time a [ * 85 ] power to make any distribution of the reversion ?
The act of Will. & Mar., which is the foundation of settling the whole on one, to the exclusion of the other heirs, and where the authority of the judge is to be found, if any where, after having prescribed what shall be set off to the widow, goes on to provide, as before menti med, that all the rest and residue of the real and *72 personal estate shall be divided to and among the children, &c., and this subject to the proviso, which authorizes the whole to be settled on one of the children. Now, it was ingeniously said in the argument, as the judge was directed to make a disposition of the whole estate, and as the reversion in the widow’s dower was part of the estate, it followed of course, that the judge was authorized to make a disposition of that reversion. But this, clearly to my mind, was not the intention of the legislature.
It is to be observed, that the estate to be divided is the estate of the intestate, and does not include an estate created by the distribution itself, as is the reversion in the widow’s dower; and so far as respects the distribution to the children, is after the assignment of the widow’s dower, and is expressed to be, “ of the surplusage or remaining goods and estate; ” which expressions, so far from including, do necessarily exclude, the reversion in the widow’s dower. And no power whatever is given to the judge, to make a division of the estate assigned to the widow as dower, but in an after clause of the statute, which is expressed, as already mentioned, in these words: “ the widow’s thirds or dower in the real estate at the expi ration of the term, to be alike divided as aforesaid.” It does not then appear from the statute, that the judge had any power whatever, at the time he made his decree, to settle the reversion in the widow’s dower on Mrs. Parker; but the contrary, by necessary and inevitable implication, is apparent. The decree was, then, upon a subject not within the jurisdiction of the judge, and consequently not voidable only, but absolutely void.
[ * 86 ] * In the case of The King vs. The Inhabitants of Stotford, which was cited at the bar, it was determined that an order of removal of a pauper, signed by two justices separately, and in different counties, is only voidable, and not void; and that the parish wishing to get rid of it must appeal to the next sessions. The ground of the judgment of the court, in that case, cannot be known, for it is not declared; but it is sufficient to show that it is not applicable to the case under consideration, that the order was made on a subject apparently within the jurisdiction of those who made it; whereas in this case, on the face of the decree it is apparent that it was made on a subject without the jurisdiction of the judge.
It is to be lamented that there have been so many similar decrees, and we should have been induced from that consideration, if it were possible, to sanction this decree. But it is impossible.
Parker, J.,
considered that the judge of probate had jurisdiction of the subject matter of his decree, but that he exercised the same erroneously, and that it would have been reversed upon an appeal *73 to the Supreme Court of Probate; but having been made, and no appeal interposed, it was now too late to shake it; and this, he added, seems to have been the contemporaneous construction of the statute, as adopted in the several probate courts, and particu larly in that of this county; and very many valuable estates were now holden under a similar title.

Judgment for partition