Per Curiam.

On the trial of the former action between these parties, it was not known, or at least it was not proved, that Israel Smith had a mother living at his death. If this fact had appeared at that trial, it might have saved the parties the expense of the present action.
It is now said that the partition or assignment in the Probate Court, being void in part, is void in the whole; * and that therefore Abigail Smith’s right to one fifth part descended, at her decease, to all her children. If so, Peter Smith is entitled to one fourth part, which he formerly recovered.
But we are satisfied that the proceedings in the Probate Court were valid and effectual as to Abigail’s share. The avoidance of it as to Peter has no effect whatever as between Rice and the other heirs. Their respective proportions, whether of land or money, remain the same ; and none of them are prejudiced in any manner by the mistake or error as to Peter.
Abigail received the money awarded to her, and certified her assent to the assignment. This is equivalent to direct evidence that she was notified of the proceedings; and is, indeed, stronger than such evidence; because, instead of an implied and tacit assent, it shows an express agreement, and a waiver of all objections to the proceedings. If the heirs had all joined in a deed for the conveyance of the premises to Rice and his wife, and afterwards the deed, as it respected Peter, had been avoided for duress or insanity, &c., it might as well be said that this would avoid it also as to the other grantors, (a)

Judgment according to the verdict.

 [Newell vs. Sadler, 16 Mass. Rep. 132. — Ed.]