Petition for a Re-hearing.

October 10.

(By Mr. Owsley and Mr. Morehead.)
The case having been suspended from the last, to the present, term.
The counsel for the defendant in error, very respectfully ask the Court to direct another argument of this cause.
The point to which, in submitting the reasons for a re-hearing, the attention of the Court will be called, is, that the deed from the commissioner to Singleton, conveying the lands in contest, was void and passed no title, having been made in pursuance of a decree of the Circuit Court which was void for want of jurisdiction.
1. When the cause was formerly before this Court, the decree of the Circuit Court was reversed, because, in the opinion of this Court, the petition did not show *485 on its face, that the Circuit Judge had jurisdiction. In other words, such a case was not made out, as was comprehended by the statute authorizing the proceeding.
This Court then said, 2 Dana, 271: “As the statute conferred on the Chancellor only a special authority to decree the sale of real estate which descended to infants, he can have no jurisdiction, unless the estate was acquired by descent; and therefore, as his jurisdiction is special and limited, this decree cannot be sustained, unless the record show the fact which alone can give authority under the statute.”
“ It does not appear, in this case, that the infants title was acquired by descent, and therefore. the Circuit Court had no jurisdiction-, and consequently the decree directing the sale, must be reversed.”
But inasmuch as the purchaser was not a party to that proceeding, the Court withheld any opinion on the question, whether the proceeding was void or not.
In the case now before us, the purchaser being a party, your honors hold, in the opinion delivered, that the deed to Singleton was not void, and that it was competent for him to prove, by parol, in support of the decree of the Circuit Court directing the sale, that the land was acquired by descent, when, for want of the appearance of that fact in the petition for the sale, the whole proceeding was irregular and coram non judice.
The undersigned may be mistaken, but they believe, that they can maintain both on authority and principle, (1) that if the statute which gave authority for the proceeding was not pursued, as this Court say it was not, the Circuit Court had not only no jurisdiction; but (2) if he had no jurisdiction the whole proceeding was void; and if void, (3) that every act done by virtue of the decree of the Court, was void also, and the purchaser at the sale acquired no title.
This Court having held . that the Chancellor had no jurisdiction of the case, the next question is, was not the whole proceeding void?
In the case of Kemp vs. Kennedy; 1 Peters' Circuit Court Reports, 30, 36, Washington J. said that, “ courts *486 of limitted jurisdiction must not only act within the scope of their authority, but it must appear upon the face of their proceedings that they did so; if this does not appear, all that they do is coram non judice and void.” This is undoubtedly the universal general rule. Let us. see how it has been applied by Courts of the higest authority.
In Wales vs. Willard, 2 Mass. R. 124, Parsons Ch. J. said, “ when the question before a judge of probate, is only as to the manner of exercising his jurisdiction on a subject of which some court of probate has jurisdiction, there, if he mistakes, the means of correcting him is by appeal. But when the question is, whether the court of probate has jurisdiction of the subject or not, he must decide it, but at his own peril. If he errs by assuming a jurisdiction which does not belong to the probate court, his acts are void.” He proceeded to declare, “ that the grant of administration in that case, by the probate judge, was not the erroneous exercise of his judgment, but an assumption of power against law, and the grant was ipso facto a nullity.”
In the case of Sumner vs. Parker, 7 Mass. R. 79, the same doctrine is held: that if a Judge of probate acts within the sphere of his authority, and errs, the decree is voidable; but “if a decree be made upon a subject without the jurisdiction of the Judge, it needs no reversal, but is merely void.” And after an examination of the various statutes which had been made to bear upon the case, the Court concludes: “It does not then appear from the statute, that the Judge had any power whatever to settle the reversion in the widow’s dower on Mrs. Parker.” “ The decree was then upon a subject, not within the jurisdiction of the Judge, and consequently not voidable only, but absolutely void.” The same principles are laid down by the same Court, in Smith vs. Rice, 11 Mass. R. 313.
So in Waterbury vs. Darien, 7 Con. R. 162. A statute of Connecticut, which provided that select men might, at their discretion, lay out such public highways as they should judge needful within their respective towns; further provided that, when any new highway or com *487 mon road, where the select men of that town neglected or refused to lay out the same, should be wanting, any person might apply to the County Court for relief. The plaintiffs petitioned the County Court. The case came before the Supreme Court, and the language of the Court was — “But it does not appear that application was ever made to the select men to lay off the r’oad in question, or that they neglected or refused to lay out the same. The application to the County Court for want of such an averment, was coram non judice, and therefore void.” “ But it is said,” adds the Court, “ that the Superior Court ought to have remanded the cause to the County Court, to be proceeded with according to law. Such a procedure would have been utterly void; as no Court can take cognizance of a cause, whereof it has no jurisdiction.”
The Court of Appeals of Maryland, in the case of Wickes vs. Caulk, 5 Har. & Johns. 42, are equally as explicit. After stating the general principle, as well established, that the proceedings of any tribunal not having jurisdiction over the subject matter which it propo-poses to decide, are void, and also the principle as equally well established, that the proceedings of tribunals of limited jurisdiction must, on the face of them, state the facts which are necessary to give them jurisdiction; they proceed to say — “ That the proceedings of tribunals having no jurisdiction to decide the case, áre not voidable, but void, is a proposition equally clear, and among other cases was fully established by this Court in the case of Partridge vs. Dorsey's Lessee, December, 1813, where the Court decided that a plaintiff in ejectment, might show, that a decree of the Chancellor ordering lands to be conveyed, in a case where he had no jurisdiction to make such a decree, was void, and he therefore could give no title, though such decree had not been appealed from or reversed. If the proceedings exhibit a case in which the commissioners who did act, had power to act, their award is final until reversed in the manner prescribed by the act; but if, on the contrary, they show themselves that they had no jurisdiction, the whole must be considered as coram non judice, *488 and therefore a nullity.” The same point was decided in the subsequent case of Shains vs. Wilson, 5 Har. & Johns. 130.
The doctrine is equally clear as laid down by Buller, (N. P. 66,) “ Where the Court in which judgment was obtained, had cognizance of the cause, the judgment is only erroneous, but if the Court had no jurisdiction, it is void.”
The Court is also referred to the case of Walker vs. Turner, 9 Wheat. 541; where the main question turned upon the validity of h sheriff’s deed. “ Whether the sheriff’s deed,” say the Court, “conveyed a title to the land in controversy, depends upon the question, whether the sale was made under the judgment of a tribunal having jurisdiction of the cause in which it was rendered.” “ It is obvious that the magistrate had not authority to take cognizance of these cases and others that might be stated; and since his jurisdiction was strictly special and limited, it is essential to the validity of his judgment and of the proceedings under it, that the record should show that he acted upon a case which the law had submitted to his jurisdiction. The order of the County Court, for the sale of the defendant’s land, having been founded upon this judgment, is exposed to the same objection which applies to the judgment itself. If the judgment was void, an execution or order of sale founded upon it, was equally so. This Court must therefore decide, that the deed from the sheriff to Sap-pington, under whom the defendant claims, was utterly void, having been made without any legal authority.”
The cases of The King vs. The inhabitants of Holcott, 5 T. R. 583, and The King vs. The inhabitants of Chilverscoton, 8 T. R. 181, are equally to the point. In the latter case,Lord Kenyon observed, that “It should appear on the face of the order, that the justices who made it had jurisdiction. If they had jurisdiction, every fair presumption will be made that they decided rightly, but if they had not, the proceeding is a nullity”
The counsel have ventured to trouble the Court with a reference to the foregoing cases, for the purpose of showing, that uniformly, and, as far as their researches *489 have extended, without exception, proceedings ' which appeared to be eoram non judice, have been pronounced void. We have found no instance where a judgment or decree has been held to be partly void and partly valid — void for one purpose and valid for another.
This Court say in the opinion delivered — “ The character of the enactment ” (under which the proceeding was had,) “however, requires that it should be strictly pursued, and unless the record of a proceeding under it, shall exhibit every fact prescribed by it, the order for a sale might be prima facie void for want of legal authority .to make it.”
“And hence, as the statute authorizes the sale only of descended estate, and the record of the proceedings in the case, in which the land was sold to Singleton, did not show that the ward’s lands had accrued to him by descent, we set aside the order of sale for an apparent want of jurisdiction.”
With due deference to these suggestions of the Court, the undersigned would respectfully remark, that according to their view of the rule on this subject, the fact that the “ statute is not strictly pursued,” and that “ the record of the proceeding under it does not exhibit every fact prescribed by it,” renders the decree or judgment of the Court, not only prima facie, but absolutely and conclusively, in estimation of law, a nullity. It is either void, or it is not. If it be not void, for what purpose or to what extent is it valid? When this Court decided that, the inferior Court had no jurisdiction of the subject matter of the suit, it was in effect a decision that the decree of that Court was null and void. It was no decree. There was no case before the Court. The decree was not reversed, as we understand it: the order of sale was not set aside for an apparent want of jurisdiction; but because,ipso facto, for the very reason that the statute was not pursued, the Circuit Court had no jurisdiction. The jurisdiction was determined by the statement of fact in the petition; and the important fact which conferred the jurisdiction did not appear. The Court below then had no jurisdiction. This Court eould intend nothing in favor of the decree. Particular *490 jurisdictions are not to be supported by implication or intendment. Sir T. Raym. 75. If the facts appear which give the Court jurisdiction, the proceeding is valid. If not, it is void. These seem to the undersigned to be just views of the doctrine applicable to Courts of special jurisdiction.
But the Court proceed to say—
“ Had that record shown, that the title had been acquired by devise, or other mode of purchase, we should not hesitate to decide that, if the infant be concluded by the act of the guardian, the order of sale and the conveyance to Singleton would have been void; because, as the record could not, if the infant be concluded by it, be contradicted, it would have been conclusive as to the fact that there was no jurisdiction. But as the record was silent concerning the mode of acquiring title, it neither proves, nor intimates, that it was not by descent; and therefore, in our opinion, extraneous proof of the fact, that the title had come to the infant by descent, was not inconsistent with any thing contained in the record, or imported by it.”
If this reasoning be correct, it would result that the validity of the record would be tested, and the jurisdiction of the Court determined, not, as the statute requires, by the facts stated in the petition, but by “ extraneous proof.” Now, the undersigned suppose, that •the question of jurisdiction must turn exclusively upon the facts apparent upon the record itself. The Court can alone look to the record in forming its judgment, whether the proceeding is regular, or irregular — void, or not void. The petitioner must make out his case, and as it is made and presented to the Court, the Court will judge of its power and authority under the statute, and whether the statute has been pursued. If the proceeding, as such, is not conformable to the authority under which the Court acts, no case is made out, and the proceeding is a nullity. When this Court adjudicated, that the Chancellor had no jurisdiction of it, surely the question of the validity, or invalidity, of the decree was settled; surely it could not afterward become a question, in another suit, whether sufficient might not have *491 been stated, or whether facts, susceptible of proof, did not exist in the country, to have given jurisdiction; surely this Court will not now recognize the admissibility of collateral proof, to uphold and confirm a jurisdiction, against which, in a direct proceeding, involving the question of jurisdiction, they had pronounced judgment. That which is void, is not susceptible of confirmation. If the decree was void, for lack of authority on the part of the Chancellor to make it, the purchase of Singleton under it, was void also. Can it then be made valid— can it be resuscitated — by extraneous proof of facts which, to give the Court jurisdiction, ought to have been stated by the party to the orginal proceeding; or by proof of a fact, which existed, but was not alleged?' We think not. Could'the decree be made valid by such proof? If it could not, no more can a conveyance which is founded on it, and must partake of its character, be so supported.
The Court seem to rely materially on the circumstance, that the record is silent concerning the mode of acquiring title; and from that, deduce the conclusion that Singleton had a right to introduce extraneous proof of the fact, that Cogar derived title by descent; when, in the opinion of the counsel, the very silence of the record, being conclusive against the authority of the Circuit Court, is equally conclusive of the rights of the-parties under it. The Court say—
“ If, as now appears, the title was acquired by descent,. the Court which ordered the sale had, in fact, jurisdic- ‘ tion; or in other words, the guardian had statutory authority, with the concurrence of the Court, to sell and convey the land for his ward’s benefit; and therefore-the sale and conveyance were, in fact, not void.”
“ The difference is between that which a record affirms or imports, and that respecting which it is perfectly silent — between a fact recorded, and a blank in a record — between that which appears and that which does not. The first may be controverted, but the last may be supplied, because there is no estoppel.”
The question never was, and never could be, may it *492 please the Court, whether “the Court had, in fact, jurisdiction;” nor whether “the sale and conveyance were, in fact, void.” The question was solely one of law. Comparing the facts stated in the proceeding, with what the statute required, was it, in judgment of law, a valid proceeding! In judgment of law, did the Circuit Court have jurisdiction? Did the record exhibit, what was indispensable to give jurisdiction? If not, the case was coram non judice and void. The authority, authorizing the proceeding was not pursued, and it was as if the Court had acted without authority.
In a proceeding like this, before a Court having special jurisdiction of the subject matter, the veryjfhci that the record is silent, determines the point of jurisdiction. We have found no exception to the rule. The record must speak. The authority of the Court must be declared upon its face. In Stanyon vs. Davis, 6 Mod. 223, “It was laid down for a rule, and agreed unto by the Court, that whatever is essentially necessary to maintain an action, if the action be brought in the inferior Court, the matter must be averred to have been within their jurisdiction, otherwise they have no jurisdiction; for whatever is not averred to be within their jurisdiction shall be intended out of it.” So in Peacock vs. Bell, 1 Saund. 74— “ nothing shall be intended to be within the jurisdiction of an inferior Court, but that which is so expressly alleged
What “now appear-s,” is not the subject for consideration. The subject is, what did appear on the face óf the record, on which this Court, in the former case, held that the Circuit Court had no jurisdiction. The want of jurisdiction avoided the decree and all the proceedings under it.
There is one point which was made in the argument, which the opinion has not adverted to. The statute required that the land should be sold on a credit of six months; and the sale was mad e/or cash in hand. In this particular it is insisted that the statute was not pursued, and that the sale was void.
On the whole the counsel ask the Court to re-hear the *493 cause. They believe that a re-argument is called for by the importance of the question decided, and no less by the interest which the defendant has in the result of the controversy. In every point of view, he has already been greatly a loser by the proceeding of his guardian. He has received no benefit under it, and the hardship of the case is enhanced by the consideration, that at the time the suit for the sale of the land was instituted, he was an infant, and incapable, in the estimation of the law, of protecting his own interests.

W. Owsley,

J. T. Mor ¿head,

for defendant.