JOSIAH WHITMAN & *ux.* vs. LUCY WATSON.

In the year 1803, a settlement was made by the Judge of Probate of that part of the real estate of an intestate which had been assigned to the widow as her dower, upon the eldest son, on his paying out to the other heirs their respective shares of the value thereof, and at the same time a bond with surety was given by the son to such heir for his share thereof. In 1807 the amount of the share was paid, and the heir acknowledged the payment on the back of the bond. In an action brought after the death of the widow in 1835, *it was held*, that such reception of the money and acknowledgement of payment by the heir, were an assent to the proceedings of the Probate Court, and a waiver of all objections to them, although it did not appear that the other heirs had been paid.

THIS was a writ of entry demanding a tract of land in *Portland*. *Henry Dinsdell* died intestate, seized of the demanded premises

and of other land adjoining, prior to *August*, 1802. By proceed-. ings in the Probate Court, the lot demanded was regularly assigned to the widow of the deceased as her dower in the estate, *October* 13, 1802, and she entered thereon and occupied it until her death, in 1835. Application was made to the Judge of Probate for a division of the real estate, and a warrant was issued therefor and returned at a Probate Court, *April* 28, 1803 ; and the Judge, on the last day, by his decree, reciting that it had been made to appear to him that the estate could not be divided without great prejudice to, or spoiling the whole, and that it would accommodate no more than one, and that *William Dinsdell*, the oldest son, was willing to accept the whole, and pay out to the other children their equal shares according to an appraisement then made, ordered and assigned to the said *William* the whole of the real estate ; and directed him to pay to the defendant, who is a daughter of *Henry Dinsdell*, and to three other daughters, three hundred dollars each, with interest. On the same 28th of *April*, 1803, *William Dinsdell* gave a bond with surety to the defendant, conditioned to pay her the $300 for her share. On *January* 28, 1807, *W. Dinsdell* paid that sum and interest, and the defendant and her husband, on the back of the bond, acknowledged that they had received payment in full. The plaintiffs derived title to the premises under *William Dinsdell*, and proved an entry after the death of the widow, and before the commencement of the suit. Judgment was to be entered according to the legal rights of the parties.

*Preble* and *W. Goodenow* argued for the plaintiffs, and contended, that the Judge of Probate had the power to assign the whole real estate at that time, subject to the widow's right of dower, the decisions only going to make void second assignments after the death of the widow ; that the Judge of Probate had jurisdiction of the subject matter, and his proceedings will be upheld, though informal, after more than thirty years have intervened; that a decree may be good in part, and not for the whole; and that the defendant, having assented to the proceedings and received the value of her share more than thirty years ago under this decree, cannot now be protected in her fraudulent attempt to obtain the land as well as the pay for it. *Bradbury* v. *Jefferds*, 3 *Shepl.* 212 ; *Smith* v. *Rice*, 11 *Mass. R.* 512; *Rice* v. *Smith*, 14 *Mass. R.*

*434; Newhall* v. *Sadler,* 16 *Mass. R.* 122; *Proctor* v. *Newhall,* 17 *Mass. R.* 81.

*Codman & Fox,* for the defendant, contended, that the Judge of Probate had no jurisdiction in the matter, and that his assignment of the land covered by the widow's dower, was extrajudicial and entirely void. *St. of Mass.* 1783, *c.* 36, § 5; *Sumner* v. *Parker,* 7 *Mass. R.* 79; *Hunt* v. *Hapgood,* 4 *Mass. R.* 117. As the decree of the Judge was entirely void, the reception of the money could not pass a title. Here the money was not paid until long afterwards, and could not legalize what for years had been a mere nullity. Besides, the other heirs were not paid at any time, and that makes the whole void.

The opinion of the Court was by

EMERY J. — This case does present questions of importance in regard to proceedings in the Probate Court almost forty years ago. And though questions have sometimes been agitated as to the propriety of holding void the proceedings anciently, of that Court, as to the reversion of the widow's dower, if done by way of distribution before her death, on the ground of a want of jurisdiction, where too no appeal had been interposed. Yet it seems now to be well settled. *Sumner* v. *Parker,* 7 *Mass. R.* 79.

If the Judge of Probate adopt a course expressly prohibited by law, or the decision be upon the rights of persons, and has been made without their being notified, or over whom, he has not jurisdiction, if there be no laches attributable to the party grieved, to obtain redress by appeal, it is left to that party to consider the proceeding void.

But if the party had an opportunity to appeal, and if he had assented to those proceedings, it would not meet with so ready admission that the individual should treat the act or decree as ineffectual.

*Henry Dinsdell* was the original owner of the estate in question, and in 1802 it was assigned to the widow, which she held as her dower till 1835. On the 28th of *April,* 1803, the Judge of Probate, on its having been made to appear to him that the estate could not be divided without great prejudice to or spoiling the whole, and that it would not accommodate more than one, and that

*William Dinsdell*, the oldest son, was willing to accept the whole and pay out to the other children their equal shares, according to an appraisement then made, ordered the whole to him, directing him to pay to the defendant, who is a daughter of the said *Henry*, and to three other daughters, three hundred dollars each with interest, and on that 28th day of *April*, 1803, said *William* gave a bond with surety to the defendant, to pay her share of $300, which was, by an indorsement on the back of the bond, under date of *January* 28, 1807, acknowledged by her and her husband to have been paid in full.

Though it is not set forth that any special direction was given by the Judge of Probate that security should be given, as bond was given to the defendant that day with surety, to pay that sum, which she and her husband acknowledged to have been paid in full, we consider that as to this party, it must be held that she assented to the assignment, and has really had her enjoyment of the value of the portion of her father's estate over thirty-three years. And the principal objection in the argument against the plaintiff's claim as against her, is, that it does not appear that the other children have been notified, or assented to the assignment to *William*.

This case, as to its principal elements, to wit, the decree of the Judge, and the acceptance of the bond and its payment, arise under the *Massachusetts* statutes previous to the separation. And without going into a minute criticism upon the cases of *Hunt* v. *Hapgood*, *Sumner* v. *Parker*, *Newhall* v. *Sadler*, *Proctor* v. *Newhall*, and others which have been cited, we must regard the opinion of the Court in *Rice & ux.* v. *Smith*, 14 *Mass. R.* 431, as an authority in support of our construction. It is there expressly held, that the proceedings of the Probate Court may be valid and effectual as to the share of one of the heirs, though ineffectual as to the share of another, and that the reception of the money awarded to an heir, and a certified assent to the assignment, is equivalent to direct evidence that she was notified of the proceeding, and is indeed stronger than such evidence ; because, instead of an implied and tacit assent, it shews an express agreement, and a waiver of all objections to the proceedings. And in the facts agreed, we must take the acknowledgement in this case of the defendant and her husband, that the bond for her share has been paid in full, as including sub-

stantially all that was proved in the case of *Rice & ux.* v. *Smith*, 14 *Mass. R.* 431. It amounts to an equivalent to notice, an assent to the proceedings in the Probate Court, and a waiver of all objections to them. According to the agreement of the parties as reported to us, judgment must be rendered, that the demandant recover the premises demanded and costs.