# ROCKINGHAM,

## JULY TERM, A. D. 1847.

---

### PICKERING *v.* PICKERING.

A judge of probate has no authority, upon a petition for partition of real estate, to assign to any part owner, other than a petitioner, a portion greater than his just share, upon his paying to the others the value of such excess in money; and a decree to that effect, being invalid, is not made good by a release of the sum awarded, made by the party entitled.

Upon setting aside the report of a committee of partition for such cause, the court will direct the reference of the cause to a new committee, if bias or improper conduct is imputed to the former committee, without considering the evidence so far as to enable them to determine upon the justice of such imputations, if, in their discretion, such course shall seem most expedient.

APPEAL from a decree of the judge of probate for the county of Rockingham, upon the petition of James A. Pickering, Joshua B. Pickering and Martha B. Pickering, praying for partition to be made of certain lands held by them in common with Frank T. Pickering, the appellant.

A committee had been appointed by the court of probate, and the decree was made upon their report, the material contents of which sufficiently appear in the reasons of appeal, among which were the following: "4. Because by said report and decree a parcel of said real estate is assigned to said Frank T. Pickering, for the alleged reason that the same is so situated that it cannot be divided so as to give to each of the owners thereof his equal share therein without great prejudice and inconvenience, and the said Frank is required to pay to Joshua B. Pickering aforesaid the sum of nine dollars, in order to make the shares of said parties in said estate equal, though said

Frank was not one of the petitioners for said partition. 5. Because by said report and decree the share of said Frank in and to the real estate in said petition mentioned, is assigned to him upon the condition that he shall pay a sum of money to said Joshua B. Pickering." "10. Because said committee conducted unequally and partially, and considered improper evidence in making such partition, influenced by an improper estimate and appraisal of the several parcels of land described in said petition."

There was evidence which tended to show that a person who had been of a former committee, charged with the duty of making a partition of the same lands, had conversed with one of the committee who made the report in controversy, with a design to influence the decision.

*Hatch*, for the appellant.

*Emery*, for the appellees.

GILCHRIST, J. The power of the court of probate to make partition of real estate is derived wholly from the statutes. Among other provisions is that contained in ch. 206, sec. 25, of the Revised Statutes, that " when any real estate is so situated that it cannot be so divided as to give to each owner his equal share therein, without great prejudice or inconvenience, the same, or part thereof, may be assigned to one of the petitioners, he paying to the other persons interested, who shall have less than their shares, such sum of money as the committee shall award, on giving bond," &c.

The power conferred by this law is, to cause the property to be assigned to the petitioner only, or one of them, if there be several, and he alone is the person who may in such case be required to pay the money.

Frank T. Pickering was not the petitioner, and could not, therefore, by the terms of the statute, have been

Pickering *v.* Pickering.

required to pay the $9, awarded by the committee upon assigning to him what appeared to them to be more than his just share of the land. The assignment to him of the specific portion was therefore invalid.

It is said, however, that this sum was remitted or released by the party entitled to receive it; but the defect cannot be cured in that way. The proceeding was erroneous, and, as against each and every party to it, had no binding force. Such is the nature of a partition whose effect is to divest an undivided interest or estate in the whole, and give a several estate in a specific part to each of the common owners. A proceeding which fails to do this, with respect to any one of the parties, fails as to all, and cannot be cured by any subsequent act of one or more, to which all are not parties.

The object of the proceeding for partition was, to vest a good legal title to a specific part of the land in the several parties who had a title to an undivided part of the whole. The power of the probate court to effect this object by a decree is unquestionable, if it pursue the course indicated by law. If Frank T. Pickering had been a petitioner, the court might have required him to pay one or more of the other parties in interest a sum of money, upon the payment or release of which a good title would have vested in him to the part assigned him, and each of the others would have wholly parted with their interest in that specific part. But Frank T. Pickering was not such a petitioner, and of course the decree could have no such force or effect. It did not divest the estate of either party, and each might, at any moment, have avoided the decree on account of the error, by appeal or other proper proceeding. This right of each to avoid the decree could not be affected by the acquiescence of one or more of the other parties. A decree that was inoperative upon the ground that the court had exceeded its jurisdiction, cannot be made effectual by a subsequent act of some of the

parties to it. *Smith* v. *Rice*, 11 Mass. 513; *Sumner* v. *Parker*, 7 Mass. 79.

The decree must, for this cause, be reversed, and the case be remanded to the court of probate for further proceedings. It must, of course, be recommitted. It is, therefore, unnecessary for us to consider the allegations that have been made as to the misconduct of some of the individuals composing the committee, so far as these allegations have been urged as an objection to the decree. We need not decide upon the effect of the evidence adduced to fix upon those persons, or any of them, the imputation of such misconduct.

But without intending to impute any wrongful bias to any member of that committee, we deem it proper that the matter should be referred to a committee against whom neither of the parties shall see cause hereafter to renew objections of this nature.

The decree must be reversed, and the cause remanded for further proceedings, in conformity with the opinion that has been given.