The opinion of the Court was delivered by
Parsons, C. J.
The county Courts of Probate were never established by any statute until the act of March 12, 1784. Before the revolution, the judges of probate were considered as surrogates of the governor and council, who derived from the royal charter the authority to prove wills and to grant administrations. A provincial act was passed for erecting Courts of Probate in the several counties, but it was negatived by the king. A number of other acts were afterwards passed, which recognize the power of the Courts of Probate, and regulate appeals from them to the governor and council, which were approved.
By the constitution, among other laws, the acts regulating and defining the proceedings of the Courts of Probate were confirmed, and the appeal given to our governor and council, until the legislature should otherwise provide. By the statute of March 12, 1784, Probate Courts were established, with the powers and jurisdiction given by the laws of the commonwealth. The appellate jurisdiction is tested in the Supreme Judicial Court; to which is also given *120 original jurisdiction in all cases in which the judge of probate is interested. The only authority of the Court of Probate to grant administration in cases of intestacy is derived from the statute of March 9, 1784, in which it is expressly enacted that no administration shall be originally granted on the estate of any deceased person after the expiration of twenty years from his death. (a)
According to the legal construction of these two last statutes must the issues in law in this cause be decided. The defendant contends that the administration is void. The plaintiff, not insisting that the administration is legal, contends that it is only voidable by way of appeal.
When the question before a judge of probate is only as to the manner of exercising his jurisdiction on a subject of [ * 125 ] which * some Court of Probate has jurisdiction, there if he mistakes, the means of correcting such mistake is by appeal. But when the question is whether the Court of Probate has jurisdiction of the subject or not, he must decide it, but at his own peril. If he errs by assuming a jurisdiction which does not belong to the Probate Court, his acts are void.
It appears frrm the pleadings that the administration was originally granted after the intestate had been dead twenty years. This administration, it was not competent for any judge of probate to grant; but it is a case in which it is expressly provided by the statute from which he derives his authority, that no administration shall be granted. It is not, therefore, the erroneous' exercise of his jurisdiction, but it is an assumption of power against law, and the grant is, ipso facto, a nullity.
The objection that the statute was passed after the death of the plaintiff’s intestate cannot prevail. The statute must be considered as applying to all cases arising, or in which application for original administration should be made to the judge of probate, after the passing of the statute, whether the death occurred before dr after that time.
Judgment must be entered for the defendant upon both pleas.

 The good policy of this law is not very apparent. If there he any thing to be administered, there seems to be no sufficient reason at any time for declaring that letters of administration shall not be granted.