Sewall, J.
The Court decline entering upon the inquiries, whether the road was legally laid out, or the tax, for which the promissory note, declared on in this action, was given, was legally assessed. The state of facts will not justify a judicial decision against the consideration of the note, or the liability of the defendant upon it; for it appears that a legal and competent jurisdiction have exercised an authority intrusted with them, in *119 laying out the road, and in the assessment of a tax for repairing it
Preston for the plaintiff.
These proceedings, at least in the latter instancé, are probably questionable; and, on suitable complaints, and by the aid of processes adapted to the occasion, there may, perhaps, be found cause to vacate the proceedings of the Common Pleas and Sessions, in the latter, if not in both, instances. But while remaining of record, as the proceedings of a Court having jurisdiction of the subject-matter, we * cannot hold them so far null and void, as that a promissory note, given for a demand legal in itself, while the orders and adjudications of the Court remain in force, is a promise without consideration, and not recoverable. Nor can we, in this sideway, and exercising a jurisdiction depending altogether on the consent and agreement of the parties to this note, decide the general question submitted to us, of the regularity of the proceedings, and the consequent orders and adjudications of a court of record. This manifest inconvenience would result from a decision in this mode;—as to some purposes, and with respect to some persons, the order for laying out the road, and for assessing the tax, would remain in force; for certainly those proceedings will not be vacated by our decision on this note; while, as to others, their operation is prevented and defeated.
The case agreed was afterwards discharged, and the action was-continued, to give the defendant an opportunity to apply for a certiorari, that the proceedings and orders above referred to might be quashed.