## THE PROPRIETORS OF THE THIRD TURNPIKE ROAD, IN N. H., *vs.* BENJAMIN CHAMPNEY *and others.*

An action of the case may be maintained against the selectmen of a town for laying out a highway merely for the purpose of enabling passengers to evade the payment of toll at a turnpike gate.

This was an action of trespass on the case, against the defendants, selectmen of the town of New-Ipswich, for the year 1817, for laying out and opening a road in that year near the turnpike gate of the plaintiffs in New-Ipswich, with intent to defraud the plaintiffs of the tolls to which they were justly entitled, and whereby they were defrauded of their just tolls.

The action was tried upon the general issue, at October term, 1819, when the court directed a nonsuit to be entered subject to the opinion of the court upon the following facts.

The plaintiffs were made a corporation by an act of the legislature, December 27, 1799, for the purpose of making a turnpike road from Keene through New-Ipswich to the line of Massachusetts, in a direction towards Boston. Before the 16th of September, 1806, the road was completed, and the plaintiffs entitled to receive the tolls established by the charter.

In the town of New-Ipswich, there was an old road from Rindge crossing the turnpike at *a*, on the plan, and running down towards Boston in the direction of the turnpike, but it was so crooked as to be some-

times on one side and sometimes on the other side of the place where the turnpike was made.

After the turnpike was made, this old road below the place where it first entered the turnpike at *a*, became useless, and was wholly discontinued. The old road from *a* to *b* was exceedingly bad, and on the 16th of September, 1806, the town of New-Ipswich discontinued that part of the road, and laid out a road from *b* to *c*. The distance between the points where the old and new roads entered the turnpike at *a* and

3d Turnpike
*vs.*
Champney.

*c*, was about twenty rods. After the discontinuance of the road from *a* to *b*, and the laying out of the road from *b* to *c*, the plaintiffs erected a gate, toll-house, and a dwelling house for the toll-gatherer at *d*, at an expense of $800. On the 29th of December, 1817, the defendants, being selectmen of New-Ipswich, on the petition of sundry inhabitants of Rindge, complaining that they were greviously burthened with paying toll at that gate, and praying that the old road from *a* to *b* might be again laid out, opened the road from *a* to *b*. This act of the defendants not only enables all travellers from Rindge to pass down the turnpike without paying toll, but enables all travellers on the turnpike to evade the payment of toll by passing round the gate.

*Atherton*, for the plaintiffs.

*J. Smith*, for the defendants.

RICHARDSON, C. J., delivered the opinion of the court.

By the statute of February 8, 1791, it is enacted " that at " any time hereafter when there shall be occasion for any " new highways, or private roads to be laid out in any town " or place in this state, the selectmen of such town or place " be and hereby are empowered on application made to them, " if they see cause to lay out the same, whether such high- " way or road be for the benefit of the town or public in " general, or for the benefit of the person or persons apply- " ing only." And " any person who may think himself ag- " grieved by the selectmen in not making sufficient allowance, " or in not paying for any highway laid out through his land, " may apply by petition for redress to the court of general " sessions of the peace ;" and by the statute of December 28, 1803, it is enacted, " that when there shall be occasion " to make any of the roads or streets in any town in this " state wider and straighter, the selectmen of such town be " empowered, if they see cause, to make the same wider and " straighter in such places and in such manner as they shall " think proper." And " any person who may think himself " aggrieved by not having a sufficient allowance made him " by the selectmen of any town for damage he may sustain, " may apply by petition to the next court of common pleas."

The powers given to selectmen by these statutes are to be exercised for purposes of public and private convenience and accommodation, and when honestly and properly exercised, the statute will be a sufficient warrant for the doings of selectmen. But if unmindful of the true objects of these statutes, selectmen lay out public or private ways for purposes of wrong and injury to individuals, they are not to be protected by these statutes, but like other wrong doers, must be held answerable to individuals for the damages that flow from their unlawful acts. There is nothing in the nature of the powers conferred in this instance that can protect selectmen from an action. They seem to stand in the situation of the moderator of a town-meeting, who is unquestionably answerable for maliciously rejecting the vote of one who has a right to vote. If selectmen should lay out a road round a turnpike gate merely for the purpose of enabling travellers to evade the payment of toll, it is impossible to doubt that an action might be maintained for the injury.(1) For the law affords no other remedy for the injury. On the other hand, should the public convenience require a road to be laid out to a turnpike, it might without doubt be lawfully done, although it might enable passengers to evade the payment of toll. The public convenience and accommodation are in no case to be sacrificed to the local situation of a turnpike gate.

In this case, the petition, upon which the defendants acted, stated as a reason why the road should be laid out, that the petitioners were grievously burthened with paying toll at the gate. If for this cause only the defendants proceeded to lay out the road, their proceedings were most manifestly illegal. Such a grievance it was not their province to redress. They had no right to interfere. If the corporation have abused the privileges granted by the charter, by erecting a gate at this place, there is without doubt a remedy; but it is not to be given by selectmen in this manner.

*The non-suit must be set aside, and the cause stand for trial.*

---

3d. Turnpike
*vs.*
Champney

(1) 3 Wils. 461, Leader vs. Mixon et al —2 W. Blackstone, 924, S. C.