## ASA ROBBINS *versus* THE TOWN OF BRIDGE-WATER.

The power of selectmen to lay out highways is not judicial.

But the power of a court to lay out highways is judicial, and, in general, its proceedings are conclusive, until quashed upon a certiorari.

But the proceedings of a court, in laying out a highway, in a case where it can, under no circumstances, have jurisdiction, are void.

Where a court had laid out a town way, upon a petition, which stated, that the selectmen of the town had refused to lay out the way, and an individual had brought an action to recover his damage, awarded him by the court by reason of laying out the road through his land, it was held, that it might be presumed that the court had evidence of the refusal of the selectmen to lay out the road, although the evidence was not filed in the case.

DEBT, upon a judgment of the Court of Sessions in this county, rendered against the town, at September term, 1823, in favor of the plaintiff, for $75, being the damage by him sustained, by reason of a highway laid out through his land, upon a petition to the said court.

The town pleaded, among other things, *nil debet*, upon which, issue was joined. The cause was tried at the sittings of the Common Pleas, in September, 1833, and a verdict taken for the plaintiff, subject to the opinion of this court, upon the following case.

The record of the proceedings, in the Court of Sessions, was produced. The petition to that court alleged, that an application had been made to the selectmen of Bridgewater, to lay out the highway, and that the selectmen had rejected the application. But it did not appear,

by the record, in any way, that any evidence was offered to the court to prove these allegations. It appeared that the highway laid out was, in its whole extent, within the limits of the town of Bridgewater. On behalf of the town it was objected, that, as the Sessions had jurisdiction only in cases where an application to the selectmen had been rejected, and as the allegation of that matter in the petition did not appear to have been proved in this case, the Court of Sessions must be taken to have acted without jurisdiction, and their proceedings be held void. But the court, being of opinion, that, until the contrary appeared, every thing necessary to give the Sessions jurisdiction must be presumed to have been proved, overruled the objection.

The town offered to prove, that, in the charter of the township there was a reservation as follows, " that the lands in said township, or tract, belonging to the grantors or grantees, be subjected to have all the necessary highways laid out through them without any allowance or pay for damages." But the court being of opinion that the adjudication of the Sessions must be held to be conclusive, on the subject of the damages, until quashed upon a writ of certiorari, rejected the evidence.

*Bell* and *Bliss*, for the plaintiff.

*Bartlettt*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.*
In order to determine the questions which this case presents for our decision, it is necessary to examine the nature of the powers exercised by the Court of Sessions, in laying out highways, and decide when its adjudications are conclusive, and when and in what manner their validity may be called in question.

The authority to lay out a highway is not necessarily judicial. Selectmen of towns have power, in certain

*Parker J. having been of counsel, did not sit.

cases, to lay out highways, but the power they possess on the subject, has never been considered as judicial power. If they proceed according to law, their proceedings are valid, but if they proceed otherwise, all is void, and the validity of their doings may be called in question collaterally. No certiorari lies to quash their proceedings. 2 N. H. Rep. 199, *The Third Turnpike* v. *Chamney* ; 3 Greenleaf, 438, *Harlow* v. *Pike* ; 2 Mass. Rep. 529, *Commonw.* v. *Merrick* ; 4 ditto, 367 ; 6 ditto, 7, *Craigie* v. *Mellen* ; 5 Pickering, 492, *Kean* v. *Stetson* ; 9 ditto, 146, *Jones* v. *Andover* ; 1 Greenleaf, 111, *Bethum* v. *Turner*.

But the Court of Sessions, which laid out this highway, had all the powers, in relation to laying out highways, which the Court of Common Pleas now has ; that is, it had all power on the subject, except, that, selectmen of towns had power to lay out town ways, and the Sessions had authority to lay out such ways, only in cases where selectmen had refused. This power, in the Court of Sessions, has always been considered as judicial, and in general the proceeding of the court has been held to be conclusive, until quashed upon a certiorari. 9 Mass. Rep. 124, *Loring* v. *Bridge* ; 2 ditto, 489, *Commonw. Coombs* ; 4 ditto, 446, *Commonw.* v. *New Milford* ; 1 ditto, 86 ; 3 ditto, 188, 229, & 406 ; 6 ditto, 491 ; 7 ditto, 158 ; 2 ditto, 118, & 125 ; 4 ditto, 627 ; 2 Pickering, 547 ; 6 ditto, 470 ; 8 ditto, 218, & 343 ; 9 ditto, 46 ; 10 ditto, 270 ; 11 ditto, 322.

In cases, however, where it clearly appears that the Court of Sessions could have had no jurisdiction, under any circumstances, to lay out a highway, perhaps their doings may be called in question collaterally, and be considered as void. 1 Pick, 180, *Commonw.* v. *Charlestown* ; 10 Mass. Rep. 70, *Arundel* v. *McCullock* ; 13 ditto, 294.

In this case the land of the plaintiff has been taken for the use of the public, and he seeks, in this action, to recover the damages awarded him by the Sessions on that account. It is objected, that it does not appear that any

application had been made to the selectmen of Bridge-water, or that they had refused to lay out the road, and that therefore, it does not appear that the Sessions had any authority to lay out the road. But the application to the Sessions stated, as the ground of the application, that the selectmen had refused to lay out the road ; the road has been laid out and made several years ; and we are of opinion that it may be now safely presumed that the Sessions had evidence that the selectmen refused to act ; and this presumption must stand until the proceed-ings of the Sessions are quashed upon a writ of certiorari brought for the purpose.

Upon the question whether the plaintiff was, under the circumstances, entitled to any damages, the adjudication of the Sessions was final and conclusive ; and until the proceedings of the Sessions shall be quashed, that ques-tion cannot again arise.

*Judgment for the plaintiff.*