## Small *versus* Pennell.

The fee in lands, reserved for public range ways, remains in the original proprietors, until they part with it.

In an action of trespass by opening a road over the plaintiff's land, proof of the reservation of such a range way over the *locus in quo*, furnishes no defence.

Over such range ways an easement may be acquired by ways, legally laid out or by long user.

Such range ways, as to the right of the public to the use of them, are to be viewed as any other lands.

Where county commissioners have undertaken to locate a public way, their proceedings, until reversed, are valid, if they had jurisdiction to commence them, though their subsequent acts may have been erroneous.

Unless they had such jurisdiction, their doings are ineffectual, and may be avoided, even collaterally.

A general jurisdiction over the subject matter is not, *of itself*, sufficient to give validity to their proceedings.

A sufficient jurisdiction can be conferred, (in any case in which they may be called to act,) only by the preliminary measures, prescribed therefor by law.

Where county commissioners undertake to establish a town way, upon the unreasonable neglect or refusal of the selectmen to locate it, their records, in order to be effectual, must disclose the facts upon which their jurisdiction is founded.

In the establishment, by the commissioners, of such a way, it was *Held*, that they had no jurisdiction in a case, where their records showed neither a request made to the selectmen nor one made to the commissioners; nor

. that any of the original petitioners had applied in writing to the commissioners, nor that application by any one had been made to them, within a year from the neglect or refusal of the selectmen.

Parole testimony, offered, not to prove a lost record of county commissioners, but as a substitute for such a record, is inadmissible.

TRESPASS QUARE. The plaintiff introduced a deed to himself of the *locus in quo,* dated April 19th, 1847, and proved *that* his grantor had been in possession of the land by fences, fourteen years previously ; and *that* the defendants, in June, 1848, removed the plaintiff's fence and opened a road upon the *locus in quo.* It was admitted that the plaintiff's grantor is the plaintiff in interest in this suit.

The defendant offered to prove by the records, (which were more than eighty years old,) of the proprietors of the town, that the *locus in quo* was " part of a public range way or allowance-road." The presiding Judge ruled that, unless the defendant was a surveyor of highways, such proof would be no justification, and rejected the evidence.

The defendants also attempted to show a location by the county commissioners of a town way over the *locus in quo* in 1846, and introduced their records of that year.

The plaintiff objected to the reading of the record, on account of certain alleged deficiencies therein, which are sufficiently noticed in the opinion, given by the court.

The defendant offered to prove by parole, that he, as the servant of the agent appointed therefor by the commissioners, opened the road as located by them and did the other acts complained of. That·proof was rejected.

In aid of the record, the defendant proved that the selectmen acknowledged in writing, under date of June 2d, 1845, " that they had been petitioned, and had refused, to open the road, which was afterwards located by the commissioners, and opened by the defendant."

One of the selectmen testified for the defendant to the same fact, and he had made search for the original petition in the selectmen's office, and believed it to have been lost.

Robert Starbird, for the defendant, testified, that he and

Small *v.* Pennell.

others petitioned the selectmen in writing to open the road, and that upon their refusal or neglect to do so, an application in writing was made to the county commissioners, who afterwards, in 1846, located the road. The testimony of the selectmen and of Starbird was objected to by the plaintiff.

HOWARD, the presiding Judge, ruled, *pro forma*, that the county commissioners' record was not admissible, as evidence.

A default was entered, which is to be taken off, if the said record was admissible, or if any of the evidence which was offered by the defendant and rejected by the Judge, ought to have been received.

*Codman* and *Fox*, for the defendant.

The record was admissible. It could not be impeached collaterally. . The adjudication is valid till reversed on *certiorari*. 16 Johns. 55; 1 East, 355; 15 Maine, 73; 22 Maine, 128; 28 Maine, 277, 411; 26 Maine, 407; 3 Fairf. 237, 271. This is the turning point of the case. For acts done under a judgment of court, this suit cannot lie.

The minutes of the commissioners, where record is incomplete, are evidence. 3 Pick. 281; 27 Maine ; 18 Pick. 464; 23 Pick. 170.

If a record be lost, its contents may be proved by parole. 22 Maine, 442.

It is not requisite that the preliminary steps, to give jurisdiction, shall be shown by the record. The other proofs have established them.

The remedy for the plaintiff, if any, might have been by *certiorari*. His grantor might have petitioned under the statute for damages. This action cannot lie in favor of the present plaintiff. He did not own, at the time of the location.

The defendant, acting under the commissioners, was a public officer. 9 Greenl. 98; R. S. c. 25, § 40.

The exclusion of the records of the original proprietors of the town, was wrongful. They would have shown a way, reserved for the public, at least for the dwellers of the town upon the *locus in quo*. The lots were laid out *to*, but *not in-*

*cluding*, the range way. The plaintiff, therefore, had no title. His land does not cover one inch of the road. The case shows that the defendant was an inhabitant of the town, having rights upon the range way. He had the right to make the way, thus reserved, safe and convenient for himself and other townsmen to pass.

*Fessenden & Deblois* and *O'Donnell*, for plaintiff.

WELLS, J. — The plaintiff being in possession of the *locus in quo*, and claiming title to it by virtue of his deed from Andrew Low, is entitled to maintain this action, unless the justification set up by the defendant can prevail.

The defendant contends, and he offered to prove, that the land upon which the alleged trespass was committed, was a public range way. But the fee in such range ways remains in the original proprietors, unless they have parted with it, and an easement may be acquired over them by ways legally laid out, or by long user. In relation to the right of the public to their use, they are to be viewed in the same manner as any other lands. The proof offered by the defendant, if received, would constitute no justification, and was therefore properly rejected. *Howard v. Hutchinson*, 1 Fairf. 335.

The defendant also alleges, as a ground of his defence, that in April, 1846, the county commissioners located a town way over the *locus in quo*, and that he was employed by the agent of the county commissioners to make the road, and in making it, he did the acts of which complaint is made.

The plaintiff denies the jurisdiction of the commissioners in the case in question, and the legality of their proceedings.

Unless the commissioners had jurisdiction to authorize the commencement of their proceedings, they would be void. A general jurisdiction merely, by law, over the subject matter, is not enough; they can only have it in the particular case in which they are called upon to act, by the existence of those preliminary facts, which confer it upon them. Their doings are ineffectual unless they have power to commence them, and may in such cases be avoided collaterally. But having juris-

diction, if their subsequent acts are erroneous, they are valid until vacated by *certiorari.* *Baker* v. *Runnels*, 3 Fairf. 235; *Goodwin* v. *Hallowell*, ibid, 271; 12 Metc. 208; *Sumner* v. *Parker*, 7 Mass. 79; *Haskell* v. *Haven*, 3 Pick. 404; *Wales* v. *Willard*, 2 Mass. 120; *Loring* v. *Bridge*, 9 Mass. 124; *Davol* v *Davol*, 13 Mass. 264; *Frumpton* v. *Pettis*, 3 Lev. 23; *the case of the Marshalsea*, 10 Co. 68.

The only inquiry then, which can be considered, is, whether the commissioners had jurisdiction of the case upon which they undertook to act, and if they had not, the defence cannot be sustained.

By stat. c. 25, § 32, it is provided, that "if the selectmen of any town shall unreasonably refuse or neglect to lay out or alter any such town way, &c. when requested in writing, by one or more of the inhabitants, &c. the commissioners, at any meeting, within one year, on application of any of the persons, so requesting, by petition in writing, may cause the said, &c. to be laid out or altered," &c.

In such cases the commissioners have only an appellate jurisdiction, arising from an application to the selectmen in writing, and an unreasonable refusal or neglect by them to grant it. Then any of the persons, who have applied to the selectmen, may prefer their request, within one year, to the commissioners, by petition in writing. And the record of the commissioners must disclose the facts upon which their jurisdiction is founded, as it appears, was done by the record of the court of sessions mentioned in *Goodwin* v. *Hallowell.*

In this case neither the request to the selectmen nor the petition to the commissioners, was made a part of their records. The extracts from their records show that they acted upon "petition of Robert Starbird & als. petitioners for a town road in Grey." The contents of the petition not being stated, it cannot be known from the record whether this was the petition to the selectmen or the commissioners. The allegation in the record, "that the selectmen of Gray have unreasonably refused and neglected to lay out and locate the way, as set forth in the foregoing petition," is only one of the

requisites necessary to give jurisdiction ; it must further appear that some of the persons, requesting the road to be laid out, made their application in writing to the commissioners, who have no right to act upon the subject unless it is legally brought before them by some of those aggrieved.

It does not appear by the record, as it should, that the application was made to the commissioners within one year from the neglect or refusal of the selectmen.

The parole testimony is offered, not to prove a lost record but as a substitute for the record itself. This is inadmissible. The acts and doings of the commissioners must be manifested by their records, which, if lost or destroyed, may be proved by parole evidence. But it is not suggested that their records have been lost. There is an omission to record what is essential in order to give validity to their acts.

The grounds of the defendant's justification failing, the default, which was ordered, must remain.