## STEVENS & a. v. GOFFSTOWN.

The petition for a highway described the road prayed for as commencing at a terminus and "running thence east of south," &c. In the report of the commissioners, the road laid out by them was described as commencing at the terminus, and thence "running south seventy-two degrees east." *Held,*

Stevens *v.* Goffstown.

that the petition fixed no intermediate bound between the two termini, and that the location of the road by the commissioners, as stated in their report, was no variance from that set forth in the petition.

After a report has been made by the road commissioners, laying out a road in a town upon a petition representing that the selectmen had laid out the road, and that the town within two years thereafter had discontinued the same, it is too late to take the exception that there is no terminus stated with sufficient certainty in the petition. The exception should have been taken before the reference of the petition to the road commissioners.

After such a report was made, an exception was taken to its acceptance, on the ground that the road had not been legally laid out by the selectmen before it was discontinued by the town, and that therefore the commissioners had no jurisdiction of the case. *Held*, that the petition being regular in form and substance, so as to give the court jurisdiction of the subject-matter, the court would not, at this stage of the proceedings, inquire into matters affecting the doings of the selectmen, which did not appear upon the files and records of the court prior to the reference of the petition; that all such exceptions should be taken before the reference of the subject to the commissioners.

PETITION, for a highway in Goffstown. It was referred to the road commissioners for the county of Hillsborough at the April term of the Court of Common Pleas, 1849, and at the October term following, a report was made by the commissioners, laying out the road. The town objected to the acceptance of the report for the following reasons :

1. " Because there is a material variance between the route described in the petition, (which is east of south from the western terminus,) and the road laid by said commissioners, (which is laid south seventy-two degrees east.")

2. " Because there is no eastern terminus stated with sufficient certainty in said petition."

3. " Said commissioners had no jurisdiction, no road having been laid out and discontinued by said town of Goffstown, as is alleged in said petition. The said supposed laying out by said town being over only a part of the route embraced in said petition; and the laying out of that part being illegal and void for the following reasons : First, because only two of the selectmen were present, examined, or heard ; second, said road was laid out by the selectmen on the condition that the petitioners should build said road, or as stated in the report of the selectmen, the petitioners offered to build said road free of expense to the town."

In the petition, the road prayed for is described as commencing at a terminus, " and running thence east of south," &c. In the report of the commissioners, the road laid out is described as " running south seventy-two degrees east," &c.

The eastern terminus in said petition is described as follows : " Thence east of south through land of David Worthley, &c., about ninety rods to the new road built in 1847."

It appeared that a petition for said road was presented to the selectmen of Goffstown in December, 1848, and that two only of the selectmen had a hearing upon the petition in said December, and laid out a road over a part only of said route, and that at the annual meeting of the town in March, 1849, the road was discontinued. In the return by the selectmen, it is stated that " they are of opinion that there is occasion for a new highway on a part of the route described in said petition." They then proceed to describe the road laid out by them, and conclude by saying, " the line above described is to be three rods wide, and to be made by the petitioners." The Common Pleas ordered that either party might be at liberty to refer to any paper used in that court, upon the argument of the questions arising upon the exceptions, and transferred the case to this court for determination.

*D. Steele, Jr.* for the petitioners.

*Morrison,* for the town.

Eastman, J. Three exceptions are taken to the acceptance of this report. " First, because there is a material variance between the route described in the petition, (which is east of south from the western terminus,) and the road laid by said commissioners, (which is laid south, seventy-two degrees east.") Under the former practice, in petitioning for, and laying out, highways, this exception might have prevailed. It was then held, that the intermediate points of compass through the whole route, as also the distances, should not only be given in the petition asking for the road, but that the report should follow

the petition with accuracy and minuteness. Any departure, in the report, from the exactness of the description set forth in the petition, was fatal. Not unfrequently, also, did selectmen, and committees appointed by the court according to the statutes then in force, refuse to lay out the road asked for, because upon examining the route and the localities in its vicinity, it was found that a much better route existed within the termini of the petition ; and inasmuch as they could not vary from the points of compass prescribed in the petition, they refused to lay the road. This practice led to many difficulties, to frequent hardships, and much expense.

Under the present practice these difficulties do not exist. By the Revised Statutes, the justices of the Superior Court are required. to make, from time to time, all necessary rules and orders for conducting the business in said court and in the Court of Common Pleas. Rev. Stat. ch. 171, § 9. By virtue of this clause of the statute, several rules have been adopted by the court, upon the subject of highways, one of which is applicable to this exception. It is as follows : " Petitions for highways must give the termini of the road prayed for, without fixing any intermediate bounds." Rules of Court, 81. Under this rule a very convenient practice has grown up, by stating in the petition, simply the general direction of the road prayed for from one terminus to another ; and the commissioners, in laying out the road, have fixed the course with exactness, as they have deemed the public good to require. The giving of the general course has been held not to be the fixing of any intermediate point, and a variance by the commissioners in the location of the road from the general words of the petition, no substantial departure from the route prayed for. *Wiggin* v. *Exeter*, 13 N. H. Rep. 304. The petition before us states the route to be east of south. The commissioners lay out the road in the direction of south, seventy-two degrees east. This we cannot regard to be a variance.

The second exception is, that " there is no eastern terminus stated with sufficient certainty in said petition." The words of the terminus are general and vague, but it is now too late to

38 *

take this exception. Objections to the form of the petition, and to the legality of notice must be made before the order of reference to the road commissioners, or they will be considered as waived. Rules of Court, 84. Had this exception been taken before the petition was referred to the commissioners, it might, perhaps, have prevailed.

The third and last exception is to the jurisdiction of the commissioners to act in the premises. This exception necessarily involves an inquiry into the jurisdiction of the court over the case ; inasmuch as the action of the commissioners was by virtue of a commission issued by the court. The highway prayed for being within the limits of one town only, in order to give the court jurisdiction over the subject-matter, it must appear that the selectmen had neglected or refused to lay out the. road, or that the town had discontinued it within two years from the time of the laying out by the selectmen. Rev. Stat. ch 50, § 1.

This petition is in the usual form, and states that the highway prayed for had been laid out by the selectmen of the town, and that the town, at a legal meeting within two years thereafter, discontinued the road. Upon the face of the petition, therefore, sufficient appears to give the court jurisdiction ; but upon the coming in of the report from the commissioners, papers are presented which tend to show, that if they had been laid before the court prior to the reference of the petition to the commissioners, it might, perhaps, have been rejected. How that would have been is unnecessary here to decide, as, in the opinion of the court, it is now too late to raise the objection. Contradictory statements appear in some of the papers affecting the facts involved, which would have required considerable examination had they been offered when the petition was presented, and been considered pertinent to the inquiries which are raised.

Before the court will act upon a petition for the laying out or discontinuance of a highway, the town or individuals that are to be affected by the granting or rejection of the prayer of the petition, must receive thirty days' notice of the pendency of the petition. Ample time is thus given to retain counsel and prepare exceptions, if that course is desired to be taken. But if

those interested choose to lie by and not retain counsel, as we infer was the fact in this case, and not present exceptions which go to the form and validity of the petition merely, till the commissioners have acted upon it and made their report, those exceptions should not prevail after the petitioners have been subjected to all the cost and expense of obtaining a report, unless they are such as cannot be obviated by the prior proceedings.

Under the ordinary practice, when a petition is presented to the court based upon the refusal of the selectmen to lay out a road, or upon the action of the town in its discontinuance within two years after having been laid out by the selectmen, nothing more accompanies the petition than a certified copy of the one originally presented to the selectmen, that the court may see that both embrace the same road, together with evidence of the refusal of the selectmen to lay out the road, or in case of discontinuance, a certificate from the town-clerk that the road was laid out, and, at a legal meeting of the town, discontinued within two years. A *primâ facie* case is thus made out, and the court do not require an extended copy of the doings of the selectmen in laying out the road, nor do they go into an examination of the facts connected with the laying out or discontinuance, any further than they appear upon the common and ordinary papers, unless exceptions are taken before the reference of the petition to the commissioners. But if exceptions are taken, a full examination into all the proceedings, prior to the presentation of the petition to the court, oftentimes becomes necessary, and the petition is then rejected or referred, as the case may be. After the report has been made upon a reference of the petition, every proper presumption is to be made in favor of the regularity of the prior proceedings; and the court will not depart from the records and papers on file and go into an examination of extraneous matters going to affect the preliminary proceedings. So long as their records and files show that they have jurisdiction of the subject-matter, they will not go beyond them and consider matters that are unseasonably brought into Court, and thereby oust themselves of jurisdiction, and subject the parties to much expense. In *Robbins* v. *Bridgewater*, 6 N. H. Rep. 524, it

was held, in an action brought by the land-owner for damages, "that it might be presumed that the court had evidence of the refusal of the selectmen to lay out the road, although the evidence was not filed in the case."

The exceptions must all be overruled, and the

*Report accepted.*