## GURNSEY *v.* EDWARDS *& a.*

The laying out of highways upon inducements or considerations other than the public good, is illegal.

Where there is no provision of law by which the proceedings of a tribunal possessing limited and qualified powers can be reëxamined, their doings may be inquired into collaterally. But to enable a party to take such advantage, he must be in a legal position so to do. It cannot be done where he has waived his rights.

Where A., upon the laying out of a highway, was a petitioner for the road, and admitted notice of the hearing, and released the land damages to which he was entitled, and the road was illegally laid, by inducements held out by him, and by his approval,—*Held*, that B., who subsequently acquired the title of A. to the premises over which the road was laid, could not take advantage of the illegality of the laying out, and maintain trespass for subverting the soil.

In the laying of a highway over mortgaged premises, the mortgager in possession is ordinarily the proper person to be notified of the hearing, and to receive the award of damages.

TRESPASS, for breaking and entering the close of the plaintiff, situated in Keene, and subverting and carrying away the soil, on the 19th day of May, 1851.

The defendants pleaded the general issue, with a justification, that there was a public highway in Keene, called High street, leading from Washington to Court street, part of which was through the plaintiff's land; that the selectmen of Keene, having limited the highway districts, on the

30th of April, delivered a warrant to Edwards, who was surveyor of the district in which High street was included, that being the place where the alleged trespass was committed, and that he entered on the highway for the purpose of repairing it and making it passable. Fuller justified under the authority of Edwards and by his directions.

The plaintiff proved that on the 12th day of April, 1843, Caleb S. Graves mortgaged certain land, including the *locus in quo*, to Sumner Carpenter, who, on the 13th day of November, 1849, assigned the mortgage to Sumner Warren, by whom, on the 29th day of October, 1850, it was assigned to the plaintiff. Also, that on the 17th day of August, 1849, said Caleb S. Graves mortgaged the premises to the plaintiff.

The plaintiff also proved that Joshua Wyman, a deputy sheriff, by deed dated November 12th, 1849, conveyed all the equity of redemption of Graves in the land to Sumner Warren, who, by deed dated on the 29th day of October, 1850, released all his interest to the plaintiff; that Caleb S. Graves, by deed dated on the 28th day of September, 1849, released all his interest to Marshall Kingman, who, by deed dated on the 25th day of October, 1850, released all his interest to the plaintiff.

The defendants contended that High street was a legally existing highway; and to prove this, they offered in evidence a petition, signed by twenty-six persons, including Fuller, the defendant, and Graves, dated on the 12th day of September, 1848, and addressed to the selectmen of Keene, representing " that for the accommodation of the public in general, there is occasion for two new highways in said town," one of which was the road in question. Upon this petition an order of notice was made, returnable on the 8th of November, and on the back of the petition was the following indorsement:—

" We, the undersigned, owners of the land from Wash-

ington to Court street, acknoweldge service, and release all claim for damages.

Witness—L. C. FULLER,        JOHN H. FULLER,
      A. GURNSEY.        CALEB S. GRAVES.
Keene, Oct. 20, 1848."

The selectmen laid out the road prayed for. The record states that the selectmen " are of opinion that there is occasion for the new highways on the routes described in said petition;" that the first named highway should be called High street, and the other Centre street; " said highways to be two and a half rods wide, and to be made by one or more of the petitioners, to the acceptance of the selectmen of said town of Keene." Also, that they " award to John H. Fuller and Caleb S. Graves, owners of the land through which said highways are laid, no damages, they having released all damages to said lands taken for said highways, as above." The record of the laying out bears date on the 8th day of November, 1848.

The plaintiff then offered as a witness, Joshua Wyman, who was one of the selectmen who laid out the road. He testified that they laid out the road, both because they thought the public good required it, and because Graves and Fuller stated to them that if they would lay the road, the petitioners would make it, without any expense to the town; that they might have laid out the road even at the expense of the town, but the petitioners having offered to make it, they took that also into consideration.

This evidence was objected to by the defendants, as incompetent, but admitted, subject to the exception.

The plaintiff contended that there was no highway legally established through the premises, and that the doings of the selectmen, relied on by the defendants, were invalid ; because—

1. Inducements were held out to them at the time, that the road should be built by one or more of the petitioners,

without expense to the town, and that no claim should be made for land damages; which inducements were considered and acted upon by the selectmen.

2. The highway was not laid out for the accommodation of the public.

3. There was no notice or assessment of damages to the land owners.

4. The pretended release of Graves is uncertain, insufficient, and without consideration.

5. It was not competent for Graves to release the land damages, he having only the rights of the mortgager.

The jury returned a verdict in favor of Fuller, and against Edwards, and assessed the damages at $5.00.

It was agreed that judgment be rendered on the verdict against Edwards, or that the same be set aside, and judgment rendered for him, as the opinion of the court should be on the foregoing case.

*Chamberlain*, with whom was *Webster*, for the defendants.

The defendants contend that the *locus in quo* is shown by the record to have been a public highway, legally laid out, on the 8th day of November, 1848, from which time it was the duty of the town to open the road and keep it in repair. The testimony of Wyman was not competent to vary or explain the record. If competent, it proved nothing to invalidate the doings of the selectmen, as they appear of record.

Neither the record nor the testimony of Wyman show that there was any condition, on the non performance of which the proceedings of the selectmen should be void. If there were, the condition would be void, but the highways would not be destroyed. *Dudley* v. *Cilley*, 5 N. H. Rep. 558.

Highways established by the proper tribunals, are not to

be treated as nullities by every individual who sees or fancies he sees some irregularities in their establishment.

Selectmen, in regard to laying out highways in towns, have as full and .exclusive jurisdiction as other courts, acting within their limits; and their proceedings ought to be sustained, when acting within their proper jurisdiction, and should not be summarily set aside by every · person who chooses to call their regularity in question.

Mortgagees not in possession are not entitled to notice. *Parish* v. *Gilmanton,* 11 N. H. Rep. 294. They are not to be treated as general owners. *Great Falls Co.* v. *Worster,* 15 N. H. Rep. 412.

It was perfectly competent for Graves to release his claim for damages, and his release in this case is valid. If it is not, it is of no consequence to this plaintiff, who is not affected by it, and who had no title of any kind to the premises till long after the road had been opened.

Under the Revised Statutes, it is not, perhaps, essential that notice should be given at all to land owners, to make the laying out valid; the statute, chap. 50 § 10, having provided a remedy in such cases.

*Lane,* with whom was *Wheeler,* for the plaintiff.

1. In laying out highways, no inducements are to be regarded but the public necessities. *Dudley* v. *Butler,* 10 N. H. Rep. 281; *Dudley* v. *Cilley,* 5 N. H. Rep. 558.

2. The selectmen do not find that the accommodation of the public, or of any person, required this new highway. This fact is necessary to their authority, and should be found and stated in their proceedings. *Dudley* v. *Butler,* before cited; 2 Mass. Rep. 171; 6 do. 291.

3. There was no notice of the laying out to land owners, and no assessment of damages. The pretended acknowledgment on the petition is indefinite and uncertain. It does not refer to the petition, or to the proposed highway, and cannot be construed as an acknowledgment of such no-

tice as land owners are entitled to. *Pritchard* v. *Atkinson*, 3 N. H. Rep. 335.

4. A release of damages, not under seal, is void, provided there is no consideration. This rule must prevail in this case.

5. The mortgager does not possess such a title that he can encumber or limit the rights of the mortgagee without his consent. *Smith* v. *Moore*, 11 N. H. Rep. 55; *Glass* v. *Ellison*, 9 N. H. Rep. 69; *Brown* v. *Cram*, 1 N. H. Rep. 169.

The mortgagee is entitled to damages awarded in laying out highways. 11 N. H. Rep. 298.

EASTMAN, J. It must be regarded as settled in this State that the laying out of highways upon inducements or considerations other than the public good, is illegal. *Dudley* v. *Cilley*, 5 N. H. Rep. 558; *Dudley* v. *Butler*, 10 N. H. Rep. 281; *Third Turnpike Co.* v. *Champney*, 2 N. H. Rep. 199; *Knowles' Petition*, 2 Foster's Rep. 361; *Goodwin* v. *Milton*, 5 Foster's Rep. 458.

It is also a general principle that where there is no provision of law by which the proceedings of an inferior court, or other tribunal, possessing only limited and qualified powers, may be reëxamined or reviewed, their doings may be enquired into collaterally. Thus the proceedings of two justices of the quorum, in granting a poor debtor's discharge, the acts of fence viewers, and ordinarily, the doings of selectmen, may be examined and tested, and their records impeached, in actions where their legality is involved. *Robbins* v. *Bridgewater*, 6 N. H. Rep. 524; *Harlow* v. *Pike*, 3 Greenl. Rep. 438; *Gear* v. *Smith*, 9 N. H. Rep. 63; *Sanborn* v. *Fellows*, 2 Foster's Rep. 473.

But notwithstanding these general principles, by which the doings of selectmen, in laying out highways, may be inquired into collaterally, and notwithstanding highways cannot be legally laid out upon considerations other than the

public good, yet the party proposing to take advantage of the illegality must be in a situation so to do.

If the selectmen have no jurisdiction of the case, the proceedings are absolutely void, and must fail, under all circumstances. But if the character of the defect be such that it might have been cured or obviated, it cannot prevail in after proceedings, unless the party raising the exception is in a situation to take advantage of the error.

The road in question was laid out in November, 1848. At that time the title to the *locus in quo* was in Caleb S. Graves; so far, at least, as the action of the selectmen was to be concerned in the laying out of the road. He was the mortgager in possession, and was the proper person to be notified, and also the proper person to whom damages should be awarded for the taking of the land. *Parish* v. *Gilmanton*, 11 N. H. Rep. 293.

Graves was a petitioner for the road, and on the 20th of October, 1848, acknowledged on the back of the petition, service of notice of the hearing, and released all claim to damages; and being the proper person to be notified and to receive the award of damages, he had the right both to waive notice and to release damages, in the manner in which he did. The laying of the road was a sufficient consideration for the release of the damages.

It is common practice for a land owner, in proceedings in the common pleas, for the establishing of a highway, after report made and exceptions taken to its acceptance, on the ground of failure to notify or to award damages, to release all claim to damages, and to waive all advantage for the want of notice. The town may take the exception, but the same may be cured by the action of the land owner.

The case finds that the road in question was laid out by the selectmen, both because they thought the public good required it, and because Graves and Fuller stated to them that if they would lay the road, the petitioners would make it without any expense to the town; that they might have

laid out the road even at the expense of the town, but the petitioners having offered to make it, they took that also into consideration.

A laying out upon such inducements, would, upon the principles stated, clearly be illegal; and any person legally aggrieved by the same, and not surrendering his rights, would not be precluded from taking advantage of the illegality on all proper occasions. But this plaintiff does not stand in a situation to question the correctness of the doings of the selectmen. Her title to the premises was not acquired till some time subsequent to the laying out of the road, and the legality of the laying must be tested by what took place at the time it was laid. She holds the title of Graves, who had been not only a petitioner for the road, and instrumental, by the illegal inducements held out, in causing it to be laid, but had also, when he had a right so to do, released all claim for damages on account of the land taken. Graves, by his acts, is estopped from taking advantage of the illegality of the laying of the road, and the plaintiff, who holds his title, which was derived after the laying out, can stand in no better situation. Neither of them can maintain the action.

According to the provisions of the case, the verdict against Edwards must be set aside, and there must be

*Judgment for the defendant.*