## LUCY M. WOOD *vs.* JOHN MANN & others.

Bristol.   Oct. 25, 1877. — Sept. 3, 1878.   LORD & SOULE, JJ., absent.

It *is* no defence to an action on a bond given to dissolve an attachment, that the
principal defendant, while the original action was pending, was, in a trustee pro-
cess, adjudged trustee of the plaintiff, it appearing that the defendant paid
nothing in consequence thereof, and that the plaintiff had recovered judgment
against the defendant without regard to the amount for which the latter had been
adjudged trustee.

The issuing of an execution for costs only, upon a judgment for damages and costs,
does not vacate the judgment; and, in an action on a bond given to dissolve an
attachment made in the original action, that judgment cannot be impeached col-
laterally by the sureties on the bond.

The payment, by the sureties on a bond given to dissolve an attachment, of an
execution for costs only, issued upon a judgment recovered against the principal
defendant, for which a receipt, but no release under seal is given, operates as a
payment *pro tanto* of the judgment, and does not release the sureties from liability
to pay the remainder of the judgment.

CONTRACT upon a bond to dissolve an attachment, signed by
the first named defendant as principal and the others as sureties.
The principal was defaulted, and the sureties alone defended.
The case was submitted to the Superior Court upon an agreed
statement of facts, by which, if the plaintiff was entitled to
recover, judgment was to be entered for her for the amount
recovered in the original action; otherwise, judgment for the
defendants. The Superior Court ordered judgment for the plain-
tiff in the sum of $93.23; and the defendants appealed to this
court. The facts appear in the opinion.

*J. M. Wood & M. Reed*, for one of the sureties.

*J. F. Jackson*, for the other surety.

*H. K. Braley*, for the plaintiff.

AMES, J. It appears from the agreement upon which this
case is submitted, that the plaintiff sued out a writ against the
defendant Mann, upon which his property was attached, and that
the other defendants joined with Mann in giving a bond in the
common form to procure a dissolution of the attachment. After
a trial by jury and a verdict against Mann for the sum of $89.83,
but before judgment upon that verdict, a suit was brought against
this plaintiff by one of her creditors, in which Mann was sum-
moned as her trustee. In this latter suit the present plaintiff

was defaulted, judgment rendered against her in the sum of $84.43 damages, and $9.30 costs, and Mann was duly charged as her trustee, upon default. Upon this judgment execution was duly issued, and, after demand made upon Mann as such trustee, was returned unsatisfied. If Mann, in this state of the case, had paid this execution in the suit in which he was charged as trustee, and had caused the fact of such payment to be duly entered of record in the suit of this plaintiff against him, according to the provisions of the Gen. Sts. c. 142, §§ 18–20, the plaintiff would have been entitled to judgment against him for her costs, and such part of her damages only as remained unpaid. But not having made such payment, the fact that Mann was summoned and defaulted as trustee furnishes him and his sureties no defence in the present suit. The court had jurisdiction of the case, and power to render judgment; whether judgment should be rendered in the original suit against him was a question for that court to decide ; but the judgment, when rendered, cannot be impeached collaterally in the present case. *Cook* v. *Darling*, 18 Pick. 393. *Webster* v. *Lowell*, 2 Allen, 123. *Boston & Worcester Railroad* v. *Sparhawk*, 1 Allen, 448.

The plaintiff then had recovered a valid and legal judgment against Mann, the time required by the terms of the bond in suit had expired, and no payment had been made. The defendants therefore had committed a breach of their bond, and an action could well have been maintained against them therefor. But instead of calling upon them in that mode, and instead of taking out an execution for her damages and costs according to the usual and regular course of proceeding, the plaintiff saw fit to take an execution for her costs only. However irregular and unauthorized this proceeding may have been, we do not see that it could have the effect to vacate or annul the judgment which she had recovered, or to impair its validity. Whether having taken out an execution for a part of that judgment she could afterwards take out another execution for the remainder, or whether an execution for part only of the judgment debt, the remainder being unpaid, could lawfully be enforced, are questions which we are not called upon at present to consider.

Upon the refusal of these defendants to pay the costs for which execution had issued, she brought an action against them upon

the bond now in suit.   This action was not prosecuted to final judgment, but was settled by the parties without being entered in court, by the payment by these defendants of the amount of the execution which the plaintiff had taken out for her costs. If that action had been prosecuted to final judgment, and the plaintiff had claimed and taken judgment for those costs only, without including her damages as originally ascertained by her verdict, it might well be that the plaintiff would be debarred from any further claim.   There could not be two judgments founded upon one single and indivisible breach of the bond. But as the suit was not prosecuted to final judgment, and the matter was adjusted by the parties out of court, the defendants can only say that they have paid part of what they were liable to pay.   No release under seal was given, and the receipt which they took as their voucher does not purport to be for the entire judgment, but in settlement for the amount of an execution for costs only.   This execution the defendants have paid with the knowledge that it was not in full for the entire amount of the original judgment.   The satisfaction of an execution is not necessarily a satisfaction of the judgment.   The creditor may show that satisfaction was acknowledged by mistake.   *Canfield* v. *Miller*, 13 Gray, 274.

We see no ground therefore upon which it can be claimed that the condition of the bond has been fulfilled by the defendants, or released or waived by the plaintiff; and we therefore

*Affirm the judgment of the Superior Court.*