## Julius Fogel *vs.* Napoleon Dussault & others.

Bristol.   Oct. 27, 1885. — Feb. 25, 1886.   Field & C. Allen, JJ., absent.

In an action against the principal and sureties upon a bond to dissolve an attachment, the declaration in which alleges a final judgment for the plaintiff against the principal defendant in the original action, it is open to the defendants, under a joint answer consisting of a general denial only, to show that no final judgment has been rendered which is still in force ; but not to impeach the validity of the judgment.

A bond to dissolve an attachment in an action brought in a district court, which is not approved as required by the Pub. Sts. *c.* 161, § 122, does not relieve the principal, upon appealing from a judgment against him in such action, from the necessity of filing a bond with surety to prosecute his appeal, in accordance with the Pub. Sts. *c.* 154, § 52, and the St. of 1882, *c.* 95 ; and, if such bond is not filed within the time ordered by the court, the judgment is not vacated, but remains in full force, and the plaintiff may maintain an action against the principal and sureties on the bond to dissolve the attachment.

CONTRACT, against Napoleon Dussault, Francis X. Dussault, and Charles Gagne, on a bond in the sum of $300, dated August 6, 1883, and executed by the first-named defendant as principal, and by the other defendants as sureties, reciting the attachment on mesne process by Julius Fogel of the goods and estate of Napoleon Dussault, to the amount of $300, by virtue of a writ in favor of said Fogel against the said Dussault, dated August 2, 1883, and returnable to the Second District Court for the county of Bristol on the fourth Monday in August, 1883, and the desire of said Napoleon Dussault to dissolve the attachment according to law ; and containing the following condition : "Now, therefore, if the said Napoleon Dussault shall, within thirty days after the final judgment in the aforesaid action, pay to the plaintiff therein named the amount, if any, which he shall recover in such action, and if said sureties shall also within thirty days after the entry of any special judgment in said action, in accordance with section one of the sixty-eighth chapter of the statutes of said Commonwealth passed in the year 1875, pay to said plaintiff the sum, if any, for which such judgment shall be entered, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The declaration alleged that, on August 2, 1883, the plaintiff attached the goods of Napoleon Dussault by virtue of a writ

dated on said August 2, and returnable to the Second District Court for the county of Bristol on the fourth Monday of said August; that, at the request of said Napoleon Dussault, the plaintiff released the said goods and chattels from attachment, and took from the defendants a certain writing obligatory, a copy of which was annexed; that final judgment was entered for the plaintiff in said action, on December 3, 1883, for the sum of $15, debt, and $19.42, costs; that the judgment was unpaid for thirty days after date thereof, and the defendants refused, though often requested, to pay the same; and that the defendants owed the plaintiff the amount of said judgment. Answer, a general denial.

Trial in the Superior Court, without a jury, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that the defendants executed the bond declared on, and in consequence thereof the property attached was released; that said bond was filed by the plaintiff on the return day of the writ in said suit, which was duly entered in the Second District Court of Bristol at Fall River; and that judgment for the plaintiff was entered in the same.

The defendants produced in evidence the record of the case in which said bond was filed, which record showed that, on December 3, 1883, the defendant was defaulted, after appearing and filing an answer, and judgment was entered for the plaintiff in the sum of $15; that the defendant claimed an appeal; that a surety was ordered on or before December 10; and that execution issued on December 12, for $15, debt, and $19.42, costs, which execution was returned and filed on September 22, 1884.

It was admitted by the defendants that the papers in the original case were not transmitted to the clerk of the Superior Court.

The plaintiff contended that, upon the evidence, the defendant in the original case not having furnished a surety on his appeal, the plaintiff was entitled to an execution upon his judgment, which was final, and that the bond declared on was not such a bond as is required by statute in such cases, and therefore could not avoid the requirement of furnishing other sureties or filing a bond for an appeal.

The defendants contended that the plaintiff's remedy, if any, was by a motion in the Superior Court to dismiss the appeal, or to affirm the judgment of the court below, and asked the judge to rule that a bond to dissolve an attachment having been given in the original case, no new bond with surety for an appeal was required by law, and that from the time the appeal was claimed it became perfect, and the judgment appealed from was vacated, and therefore there was no breach of the conditions of the bond in suit, because there was no final judgment; and that it was not the duty of the defendant in the original case to carry the papers to the Superior Court, but that it was the duty of the clerk of the District Court so to transmit the same.

Without passing upon the question as to whether the defendants' requests for rulings were correct statements of law, the judge ruled that the defendants could not, under their answer, be allowed to impeach the judgment in the original suit against the defendant Napoleon Dussault; that, it being the judgment of a domestic court having jurisdiction of the subject matter of the suit, the judgment debtor could not, in the present action, collaterally impeach that judgment; and that, as the three defendants had answered jointly, the only defence open to them would be one common to them all; and as the only defence they offered to make at the trial of this case was to show there was no valid final judgment in the original suit, the judge held they had failed in their defence altogether.

Judgment was accordingly given for the plaintiff; and the defendants alleged exceptions.

*E. Higginson*, for the defendants.

*S. W. Ashton*, for the plaintiff.

DEVENS, J. Parties are permitted to answer jointly when they make the same defence. Pub. Sts. *c.* 167, § 16. The answer of the defendants was joint, and consisted only of a general denial. The declaration alleged a final judgment for the plaintiff against the principal defendant, at a particular date, by a district court in an action originally brought there. This denial was a defence, if successfully maintained, which was available to all the defendants. If, upon separate answers, the defendant sureties might, by plea and proof, have availed themselves of any invalidity in the judgment, they could not do so under the

answer, which, as it stood, simply denied the existence of the judgment.

So far as the principal defendant is concerned, it is established that the judgment of a domestic court of record, proceeding according to the course of the common law, is conclusive evidence of all the facts decided in subsequent suits between the same parties; and that the only remedy of a party who has been injured by a judgment erroneously rendered is by review, or by proceeding to reverse the same upon a writ of error. The party plaintiff is not allowed to treat a judgment lawfully obtained by him from a court of competent jurisdiction as a nullity, or to proceed upon his original demand as if it had not been rendered. While it exists, he can only proceed by suit on his judgment or levy of execution. These principles apply to judgments rendered by courts such as the Second District Court of Bristol. *Loring* v. *Bridge*, 9 Mass. 124. *Cook* v. *Darling*, 18 Pick. 393. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Wood* v. *Mann*, 125 Mass. 319.

It is the contention of the defendants, that the case at bar is not governed by those principles which apply when a judgment is erroneously rendered by a court having competent jurisdiction of the subject matter; but that the appeal shown by the record to have been taken by the principal defendant vacated the judgment, thus rendering it wholly inoperative, and that, the judgment having been thus vacated, the only remedy of the plaintiff was to enter a complaint for the affirmance thereof. Pub. Sts. *c.* 155, § 34.

The principal defendant claimed an appeal from the judgment of the district court, and was ordered to file a bond with surety to prosecute his appeal. It is contended by the defendants, that such order was wholly unauthorized; that, the debtor having given bond to dissolve the attachment of his property, which had been filed at the entry of the original action, such bond was unnecessary; and that, without it, the appeal was completed and the judgment vacated.

The Pub. Sts. *c.* 155, § 29, provide that an appeal from the judgment of a trial justice shall not be allowed, except upon recognizing to the adverse party with surety to prosecute the appeal, and to pay all subsequent costs. Section 30 provides

that the party appealing may, in lieu of entering into a recognizance, deposit a sum of money as security for the prosecution of the appeal and the payment of costs.   Section 33 provides that, when an appeal is claimed, no recognizance or deposit shall be required for the allowance of such appeal, when the defendant shall have " given a bond to dissolve the attachment made in such case as provided by law." These provisions as to appeals from trial justices (Pub. Sts. c. 154, § 39,) applied to district courts before the St. of 1882, c. 95.

By the Pub. Sts. c. 154, § 52, it was provided that in the municipal courts, " instead of entering into a recognizance, the party appealing in civil proceedings shall file a bond with surety or sureties to the adverse party within the same time, upon the same conditions, and with the same powers in the judge and clerk, as are provided in respect to recognizances in police and district courts." By the St. of 1882, c. 95, the provisions of the Pub. Sts. c. 154, § 52, relating to the filing of bonds by parties appealing from the municipal courts of the city of Boston were made applicable to district courts.

It is therefore urged, that, as no recognizance was required on appeal from a district court where a bond to dissolve an attachment had been given, and as the St. of 1882, c. 95, only replaces the recognizance by a bond in cases where the former was required, the bond to dissolve the attachment has the same effect now as before, and obviates the necessity of any additional bond, recognizance, or deposit, on an appeal from a district court to the Superior Court.

If we adopt this argument, it will be necessary to inquire whether the debtor had given a bond to dissolve the attachment such as is provided by law.   The plaintiff urged that the bond in suit was not such a bond as is required in such cases, and could not therefore avoid the requirement of furnishing other sureties, or filing a bond, in case the debtor wished to avail himself of his right to appeal.

The Pub. Sts. c. 161, § 122, provide that any party whose goods are attached may dissolve the attachment by giving bond with sufficient sureties, to be approved by the plaintiff or his attorney in writing, or by a master in chancery, justice of a court of record, &c., with condition to pay to the plaintiff " the

amount, if any, that he may recover within thirty days after the final judgment in such action," and also the amount of any special judgment which might be entered under *c.* 171, providing for special judgments against the property of insolvents. This bond is to be " filed by the defendant with the clerk of the court to which the writ is returnable, or in which it is pending, within ten days after its approval by the plaintiff or his attorney, or by the magistrate ; and the attachment shall not be dissolved until the bond is so filed." § 125. But while the bond in suit contains the same condition as that contemplated by the statute, it was not approved, nor were the same proceedings had as are provided for therein. The attachment was not dissolved upon the filing by the defendant of a bond approved either in writing by the plaintiff, or in any other of the modes prescribed. Upon the delivery of the bond in suit to the plaintiff, who himself subsequently filed it in court on the return day of the writ, he released the property from the attachment. The bond had not the approval required by the statute, nor was the attachment dissolved in the mode therein provided. . While, in view of the fact that, on receiving it, the plaintiff released the property attached, it was available to him as a bond at common law, it was not the statutory bond provided for by the Pub. Sts. *c.* 161, §§ 122, 125. Its existence could not, therefore, relieve the principal defendant from the duty of filing a bond with surety before his appeal was allowed. Having failed to do this within the time ordered by the district court, the judgment of that court was not vacated, but remains in full force.

*Exceptions overruled.*